## THE PARTHIAN.

(Circuit Court of Appeals, Second Circuit. November 16, 1921.)

### No. 5.

1. **Aliens ☞58—Penalty for permitting unlawful landing not recoverable on proof of nonproduction of alien at immigration station.**

Under Immigration Act Feb. 5, 1917, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ee), imposing a penalty on steamship owners, etc., failing to prevent the landing of an alien at any time or place other than as designated by the immigration officers, such penalty is not recoverable without proof that the alien has landed, or proof that the steamship officers have failed to produce the alien at the immigration station within the time ordered by the inspector.

2. **Admiralty ☞105—When sufficiency of answer not questioned, it is too late on appeal to claim allegations not answered.**

In a libel by the government to recover a penalty for permitting an alien to land unlawfully, where the answer alleged that defendant was "not guilty of the matter and form alleged" in the libel, and no exceptions were filed, and the case was tried on the theory that the allegations of the libel were put in issue, it is too late on appeal to contend that allegations not specifically denied, or not denied other than by the language of the answer, must be taken as admitted.

3. **Aliens ☞44—Department cannot make regulations beyond powers delegated.**

While the Commissioner of Immigration may make regulations to enforce the Immigration Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼a et seq.), it is not permissible for the department to make or proclaim regulations beyond the powers delegated to the Commissioner by section 23 (section 959).

4. **Aliens ☞58—Government has burden of showing unlawful landing, for which penalty sought.**

Under Immigration Act, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ee), providing a penalty for the failure of steamship owners, etc., to prevent the landing of any alien at any time or place other than as designated by the immigration officer, the burden is on the government to show that the alien has landed contrary to the statute and the instructions of the immigration officers.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the United States against the steamship Parthian, her engines, etc., claimed by the Olympia Shipping Corporation. From a decree for the United States, the claimant appeals. Reversed.

Walter F. Welch, of New York City (Vincent P. Donihee, of Brooklyn, N. Y., of counsel), for appellant.

William Hayward, U. S. Atty., of New York City (J. Joseph Lilly and Theodor Megaarden, both of New York City, of counsel), for the United States.

Before ROGERS, MANTON and MACK, Circuit Judges.

MANTON, Circuit Judge. The steamship Parthian is owned by the Olympia Shipping Corporation. On the 23d of June, 1918, she arrived at the port of New York from a foreign port, having as a

stowaway an alien, Constantin Aliyizakis. The appellee seeks to recover a penalty of $1,000 from the owners of the steamship for failing to prevent the unlawful landing of this alien from this vessel. Aliyizakis was found on the ship on the 23d of June, 1918, by an inspector, and before leaving the ship the government inspector served a written notice upon the first officer, requesting him to deliver the alien at the United States immigration station at Ellis Island. The evidence shows that the alien was not delivered at Ellis Island in accordance with this direction, and after a lapse of five days the immigration inspector in charge of the inquiry division reported that the alien had not appeared for inspection, and this libel was then filed. Liability is sought to be imposed upon the ship by virtue of section 10 of the Immigration Act of February 5, 1917 (39 Stat. 881 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ee]). This act provides:

"It shall be the duty of every person, including owners, officers, and agents of vessels or transportation lines, or international bridges or toll roads, other than railway lines which may enter into a contract as provided in section twenty-three of this act, bringing an alien to, or providing a means for an alien to come to, any seaport or land border port of the United States, to prevent the landing of such alien in the United States at any time or place other than as designated by the immigration officers, and the failure of any such person, owner, officer, or agent to comply with the foregoing requirements shall be deemed a misdemeanor and on conviction thereof shall be punished by a fine in each case of not less than $200 nor more than $1,000, or by imprisonment for a term not exceeding one year, or by both such fine and imprisonment; or, if in the opinion of the Secretary of Labor it is impracticable or inconvenient to prosecute the person, owner, master, officer, or agent of any such vessel, a penalty of $1,000 shall be a lien upon the vessel whose owner, master, officer, or agent violates the provisions of this section, and such vessel shall be libeled therefor in the appropriate United States court."

[1, 2] No other proof was adduced at the trial, and from this evidence the appellee endeavors to support the decree below, asking us to find that the appellant did not endeavor to prevent the landing of this alien at a time and place other than as designated by the immigration officers, and that it failed to produce the alien as required by the order at Ellis Island. We think there is a failure of proof of any violation of this statute. Nor can the appellee support this decree because of lack of denial in the allegations of the answer interposed by the appellant to the libel. The answer alleges that "it is not guilty of the manner and form alleged in the said libel of information." No exceptions were filed to this answer, and the case was tried upon the theory that the allegations of the libel were put in issue by the answer. We think it is too late now to contend that the allegations not specifically denied, or not denied other than by the language of this answer, must be taken as admitted.

The Commissioner of Immigration has prescribed the following rules, which are relied upon as his authority for directing the production of the alien in question. Rule 2, subd. 4, provides:

"Alien stowaways shall be manifested and produced for inspection in the same manner as are other aliens and the fact that they were stowaways shall be indicated on the manifest."

[3] While the Commissioner may make regulations to enforce the Immigration Act, it was not permissible for the department to make or proclaim regulations which were beyond the powers delegated by the Congress to the Commissioner. United States v. Wiltberger, 5 Wheat. 76, 5 L. Ed. 37. Regulations must not transgress the statute. Waite, etc., v. Macy et al., 246 U. S. 605, 38 Sup. Ct. 395, 62 L. Ed. 892; United States v. Antikamnia Chemical Co., 231 U. S. 654, 34 Sup. Ct. 222, 58 L. Ed. 419, Ann. Cas. 1915A, 49.

Section 23 of the Immigration Act (section 959) provides that the Commissioner General of Immigration shall perform all his duties under the direction of the Secretary of Labor:

"Under such direction he shall have charge of the administration of all laws relating to the immigration of aliens into the United States and shall have control, direction and supervision of all officers, clerks and employees appointed thereunder; he shall establish such rules, regulations * * * and shall issue from time to time such instructions not inconsistent with law, as he shall deem best calculated for carrying out the provisions of this act. * * *"

[4] The statute does not impose a penalty for failing to deliver the alien at Ellis Island to the immigration inspector. It prescribes the penalty for the owner or master or agent of the ship in not preventing the alien to land at any place other than is designated by the immigration officer. Indeed, there is no evidence in this record that the alien was permitted to land at any place. All that appears is that he was on the vessel on June 23d. He may have remained on the vessel and returned to the country from whence he came with the ship. The burden was upon the appellee to prove that the alien did in fact land at some other time or in some other manner. It was incumbent upon the appellee to show that there was in fact a landing contrary to the statute and to the instructions of the immigration officers. This burden it did not sustain.

For these reasons, the decree below is reversed.